IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARUN CHATTREE, | ) | CASE NO. 1:08 CV 2039 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| RITU CHATTREE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Judgment as a Matter of Law and to Alter the Amended Judgment. (ECF #92) For the reasons that follow, Defendant's Motion is denied.

## PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of a family situation in which a father loaned his daughter money to buy an apartment in a cooperative building in New York City. The father asserts that it was agreed that both his name and the daughter's name would be placed on the title to the property that was purchased. However, after the sale was finalized, the father's name was not on the title to the property. Thus, Plaintiff Arun Chattree brought this action against his daughter, Defendant Ritu Chattree alleging: (1) breach of fiduciary duty; (2) fraudulent misrepresentation, or in the alternative, concealment; and (3) breach of contract. Plaintiff sought damages and specific enforcement of the alleged contract. Defendant Ritu Chattree asserted two counterclaims, for abuse of process and slander of title.

This matter proceeded to trial and the jury returned verdicts in favor of the Plaintiff on all three counts of his complaint and awarded $0 in damages on all counts. The jury also found in

favor of the Plaintiff on the Defendant's counterclaims. During their deliberations, the jury sent a question to the Court asking the following: "One, can we ask that Mr. Chattree's name be returned to the title in place of monetary damages awards, and his name be added to the 61 Jane Street property as equal share owner[?]" The Court answered that "that's the specific performance claim that you made, and the answer is on the contract claim, if they find in favor of the plaintiff on the contract claim and award zero dollars in damages, the Court will make a determination as to that." Counsel for both parties approved this answer.

After the verdicts were read and the jury was polled, the Court accepted the verdicts and entered Judgment on the verdicts noting that the Court would enter a separate judgment and order of specific performance on Plaintiff's contract claim. An Amended Judgment was issued on February 9, 2010, adding an Order of Specific Performance to the Judgment. The Order of Specific Performance required that within 30 days following journalization of this Entry, Defendant Ritu Chattree specifically perform the agreement between the Defendant and Arun Chattree by effectuating a transfer of title from the Defendant to the Defendant Ritu Chattree and Plaintiff Arun Chattree (the "Transfer"), as tenants in common of the premises known as Cooperative Apartment 14B in 61 Jane Street, New York, NY.

Defendant has moved for Judgment as a Matter of Law under Fed. R. Civ. P. 50(b) on all three claims asserted by Plaintiff because the jury awarded no compensatory damages on any of the claims and damages are an essential element of each claim. Defendant also moves to alter the Amended Judgment of specific performance on the ground that she is not the party who can "effectuate a transfer of title" of the cooperative apartment at issue. It is the cooperative corporation's board which has the authority under New York law to approve of disprove the

2

titling of the property.

## ANALYSIS

### I. Motion for Judgment as a Matter of Law

Fed.R.Civ.P. 50(b) provides that if a court does not grant a motion for judgment as a matter of law made after the close of all the evidence and the party renews its request after a verdict is returned, the court may (1) allow the judgment to stand, (2) order a new trial, or (3) direct entry of judgment as a matter of law. The "standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion." Wright & Miller, *Federal Practice and Procedure*: Civil 2d § 2537, p. 347 (footnote omitted).

A federal court sitting in diversity must apply the forum state's standard of review when a Rule 50 challenge is made to the sufficiency of the evidence supporting the jury's findings. *Aetna Casualty and Surety Company v. Leahey Construction Company of America, Inc.*, 219 F.3d 519, 532 (6 Cir.2000)( *citing Palmer v. Fox Software, Inc.*, 107 F.3d 415, 418 (6th Cir.1997)). Under Ohio law,

> [t]he test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict (now known as a motion for judgment as a matter of law in the federal courts) is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions.

*Aetna Cas. And Sur. Co., v. Leahey Construction Co.*, 219 F.3d 519, 532 (6th Cir. 2000)quoting

*Posin v. A.B.C. Motor Court Hotel, Inc.,* 45 Ohio St.2d 271, 344 N.E.2d 334, 338 (1976).

While damage or injury is an essential element of each of Plaintiff's claims asserted here, breach of contract, breach of fiduciary duty and fraudulent misrepresentation, the jury's decision not to award compensatory damages on the claims does not defeat the jury's finding of liability on the claims. *See Gibbons v. Bair Found*, N. 5:04 CV 2018, 2006 WL 2045899 (N.D. Ohio July 20, 2006); *Lynch v. Sease*, No. 6:03-479-DCR, 2007 WL 2844962, (E.D. Ky. Sept. 28, 2007)(upholding jury determination of fraud and breach of contract where jury specifically refused to award damages on those claims); *Gillentine v. Vanzant*, No. 92-4291, 1994 WL 693264, at *10 (6th Cir. Dec. 9, 1994)(stating that in Ohio a jury properly may find in favor of the plaintiff and assess zero damages due from the defendant).

In this case, after hearing the Court's instructions and the answer to the jury question regarding specific performance, it is clear that the jury found that Defendant was liable on Plaintiff's claims of breach of contract, breach of fiduciary duty and fraudulent misrepresentation and that the most appropriate remedy would be specific performance of the agreement between the parties, *i.e.*, to add Plaintiff's name to the title of the premises at issue. As the Court instructed the jury, that equitable remedy would be taken under consideration by the Court if the jury found in favor of the Plaintiff but awarded no damages. In all of Plaintiff's claims, Plaintiff was injured by Defendant's failure to put his name on the title of the property at issue, thus, specific performance of the agreement between the parties to add his name to the title was the most appropriate remedy and could only be ordered by the Court. Accordingly, Defendant's Motion for Judgment as a Matter of Law is denied.

## II. Motion to Alter the Amended Judgment

Defendant moves to Alter the Amended Judgment in regard to the specific performance relief ordered on the ground that she is not the party who can "effectuate a transfer of title" of the cooperative apartment at issue. As Defendant notes, under New York law, transfer of an interest in a cooperative apartment is subject to the approval of the cooperative corporation's board of directors. *See Barbour v. Knecht*, 296 A.D.2d 218, 743 N.Y.S.2d 483, 488 (1st Dept. 2002).

The order of specific performance in the Amended Judgment does not require Defendant to do anything that is beyond her control. Rather, the Order requires Plaintiff to take steps within her control to effectuate the transfer of title.[1] After the briefing of this issue and a hearing on the progress of the transfer of title, all parties agree on the interpretation of the Order of Specific Performance such that an amendment is unnecessary. Accordingly, Defendant's Motion to Alter or Amend the Amended Judgment is denied.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion for Judgment as a Matter of Law or to Alter the Amended Judgment (ECF #92) is denied.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: _May 11, 2010_

---

[1] In her reply brief, Defendant concedes that this interpretation of the Order of Specific Performance negates her concerns in that she will not be held in contempt for the actions and decisions of others.